IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JASON H. GARCIA,<br><br>                         Petitioner,<br><br><br><br>        vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | **MEMORANDUM OPINION AND ORDER REGARDING § 2255 PETITION**<br><br><br><br><br>Case No. 2:07-cv-00510 TC |

Petitioner Jason H. Garcia pleaded guilty to possession with intent to distribute five grams or more of actual methamphetamine. The court sentenced Mr. Garcia to prison for one hundred and twenty months. The court ordered Mr. Garcia's sentence to run concurrently with the sentence imposed in Case #011900758, Third District Court, State of Utah. The court also ordered that upon Mr. Garcia's release from confinement, Mr. Garcia would be placed on supervised release for a term of ninety-six months.

This matter is now before the court on Mr. Garcia's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Garcia, proceeding *pro se*, presents four grounds in support of his motion.

In his first ground, Mr. Garcia contends that he received ineffective assistance of counsel when his counsel became ill and another attorney represented Mr. Garcia at the change of plea

hearing.  Mr. Garcia claims that the substituted counsel gave him a modified and non-approved

plea agreement.  Mr. Garcia also contends that his counsel failed to object to the enhancement of

his sentence and release conditions at the sentencing hearing.

In ground two, Mr. Garcia contends that the court did not comply with 21 U.S.C. § 851

(a) (1) in applying an enhanced sentence.

Next, Mr. Garcia argues that under 18 U.S.C. § 3583 (b) his Fifth Amendment due

process rights were violated when he was sentenced to eight years of supervised release.

Finally, Mr. Garcia asserts that his Fifth Amendment due process rights and Sixth

Amendment right to trial by a jury were violated because the application of a supervised release

was not heard in a second hearing by a jury.

The court recognizes that *pro se* litigants' pleadings should be construed more liberally

than if outside counsel had drafted them.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney

v. State of N.M., 113 F.3d 1170, 1173-74 (10th Cir. 1997).  But even under this more lenient

standard, Mr. Garcia's claims for relief are meritless.  For the reasons set forth below, Mr.

Garcia's motion to vacate, set aside, or correct his sentence is DENIED[1].

## ANALYSIS

The essence of Mr. Garcia's claims can be summarized as follows: 1.  At the change of

plea hearing, his attorney, who was ill, was not present, and another attorney represented Mr.

Garcia. This attorney's performance was ineffective because he did not fully discuss the plea

---

[1]A hearing is not required because "the files and records of the case conclusively show that the [Petitioner] is entitled to no relief."  28 U.S.C. § 2255.

agreement with Mr. Garcia.  2. At the change of plea hearing, the court told Mr. Garcia that the

term of supervised release was five years when, in fact, the required term of supervised release

was eight years (Mr. Garcia also argues that a number of his constitutional rights were violated

when the court actually sentenced him to a term of eight years of supervised release).

Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that

his attorney's representation was deficient and that he was prejudiced by the deficiency." James

v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing

Strickland v. Washington, 466 U.S. 668, 687 (1984)).  The standard applies to sentencing

proceedings and plea hearings as well as at trial.  United States v. Glover, 97 F.3d 1345, 1349

(10th Cir. 1996).  "Judicial scrutiny of counsel's performance is highly deferential."  Id.  To

succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." Strickland, 466 U.S. at 694.  There is a strong presumption that counsel provided

effective assistance, and a § 2255 petitioner has the burden of proof to overcome that

presumption.  James, 211 F.3d at 555.

Here, Mr. Garcia has not identified any action taken or not taken by his counsel that

could be construed as deficient representation.  Although Mr. Garcia's primary counsel, Mr.

Fred Metos, was ill and unable to attend the change of plea hearing, Mr. Garcia was represented

at the hearing by Mr. Steve McCaughey, an experienced criminal defense attorney.  Before Mr.

Garcia plead guilty, the court asked Mr. Garcia a number of questions, as required by Federal

Rule of Criminal Procedure 11, to establish that Mr. Garcia was knowingly and voluntarily

pleading guilty.  For example, the court asked  Mr Garcia , "have you had all the time you need

to talk about your case with Mr. McCaughey?"  (Change of Plea Tr. 4, Nov. 22, 2004; Criminal

Case No. 2:03-CR-996-TC.)  Mr. Garcia responded, "Yes."  (Id.)  Mr. Garcia was asked if he

went over his plea with his counsel, Mr. McCaughey.  (Id. at 15.)  Mr. Garcia responded with

"Yeah."  (Id.)  The court asked Mr. Garcia if he had any questions of the court regarding the

plea.  (Id.)  Mr. Garcia responded, "No."  (Id.)  Mr. Garcia also answered in the affirmative

when the court asked him if he understood "everything" in the plea.  (Id.)  The court explained

to Mr. Garcia that although the government would recommend the "low end of whatever

guideline range applies," the court "might decide that [Mr. Garcia] deserve[s] [a sentence] at the

high end."  (Id.  at 16.)  After the court explained the plea bargain between the government and

Mr. Garcia, the court  asked Mr. Garcia if he understood "everything in this agreement."  (Id.)

Mr. Garcia responded with "Yes."  (Id.)  Mr. Garcia told the court that Mr. McCaughey and he

had reviewed the Statement in Advance of Plea and that, that he had had sufficient time to talk

with Mr. McCaughey about the consequences of pleading guilty.  (Id. at 4, 15.)  Finally, Mr.

Garcia told the court that he believed that Mr. McCaughey had "done a good job for him." (Id.

at 4.)

        The record shows that Mr. Garcia clearly, knowingly and voluntarily pleaded guilty.

Therefore, Mr. Garcia has not convinced this court that the outcome of his plea hearing would

have been different had Mr. Metos been present.

<u>The Eight-Year Term of Supervised Release</u>

 Under 21 U.S.C. § 841, the court was required to impose a minimum sentence of ten years based on Mr. Garcia's prior drug related convictions.  21 U.S.C. § 841 (b) (1) (B).  Also under 21 U.S.C. § 841, the court was required to sentence Mr. Garcia to eight years of supervised release in addition to the enhanced sentence because of Mr. Garcia's prior convictions.[2]  <u>Id.</u>  Mr. Garcia argues, correctly, that the court told him at the change of plea hearing that the term of supervised release would be five years when, in fact, an eight-year term of supervised release was required.   But the court's error, by itself, does not mandate that Mr. Garcia's sentence be vacated.

To succeed, Mr. Garcia must "show a reasonable probability that, but for the error, he would not have entered the plea."  <u>United States v. Benitez</u>, 542 U.S. 74, 83 (2004).  "The probability of a different result" must be "sufficient to undermine confidence in the outcome of the proceeding."  <u>Id.</u> (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984) (quotations omitted)).

The Tenth Circuit has concluded a district court errors when failing to inform the defendant of a supervised release following a sentence.  <u>United States v. Barry</u>, 895 F.2d 702, 704 (10th Cir. 1990).  However, that error is harmless unless the defendant's "'substantial rights' have been affected."  <u>Id.</u> (citing Fed. R. Crim. P. 11(h)).  The Tenth Circuit found that where the defendant had been "correctly advised that the maximum penalty for the crime was 40

---

[2]  Mr. Garcia argues that no information was filed as required by 21 U.S.C. § 851(a).  But on November 22, 2004, the government filed the required information prior to Mr. Garcia's plea hearing.  (2:07-CV-510-TC, Dkt. # 43.)

years' imprisonment" and the "total sentence-including the term of supervised release-is only a fraction of the maximum penalty of which [the defendant] was advised, [the court did] not understand how the court's failure to advise Barry of the term of supervised release in any way prejudiced [the defendant's] decision to plead guilty." Id. at 705; See also United States v. Hamilton, 553 F.2d 63, 65-66 (10th Cir. 1977), cert. denied, 434 U.S. 834 (1977); United States v. Sisneros, 599 F.2d 946, 948-49 (10th Cir. 1979).

Additionally, the Eleventh Circuit has held:

> that the defendant's substantial rights were not affected where the district
> court failed to inform [the defendant] during the plea colloquy of the
> potential period of supervised release under the Sentencing Guidelines,
> because the district court advised the defendant at sentencing, as the
> [Presentence Investigation Report] had informed [the defendant]
> previously, that the guidelines prescribed a mandatory term of supervised
> release and the defendant did not object.

United States v. Bejarano, 249 F.3d 1304 (11th Cir. 2001) (citing United States v. Carey, 884 F.2d 547, 549 (11th Cir. 1989) (emphasis added)).

Here, Mr. Garcia has not claimed that his plea would have been different had he known about the mandatory eight-year supervised release.   Prior to Mr. Garcia's plea at his change of plea hearing, he was told by the court that the maximum sentence could range from forty years to life.  (Change of Plea Tr. 12, 15.)  Mr. Garcia affirmed that he understood those terms.  (Id. at 13, 15.)  Although Mr. Garcia's sentence of eight years supervised release according to statute was three more years than what the court stated at his plea hearing, his total sentence of ten years of incarceration plus the eight years of supervised release is a "fraction" of what his maximum sentence could have been.  Because Mr. Garcia's total sentence was a fraction of the maximum explained to him at this plea hearing, and he pled knowing the possibilities of a

higher maximum sentence, there is no evidence that Mr. Garcia would not have pled guilty had he known of an additional three years of supervised release at the plea hearing.  Accordingly, the court's error was harmless and Mr. Garcia's rights were not substantially affected.

Moreover, Mr. Garcia's Presentence Report contains the correct "Mandatory Minimum" of "[t]en years imprisonment and eight years supervised release."  (Presentence Report, Dkt. # 2:03-CR-996-01-TC.)  The statutory provisions for those mandated minimums are also listed in the report.  (Id. at 12.)  At the sentencing, Mr. Garcia's counsel was asked by the court, "Have you had sufficient time, Mr. Metos, to go over this presentence report with your client?"  (2:07-CV-510-TC, Dkt. # 11 Ex. 3 at 2.)  Mr. Metos responded, "I have."  (Id.)  Mr. Garcia's attorney requested that the court "sentence Mr. Garcia to the 120 month level."  (Id., Ex. 3 at 7.)  Before the sentence was read, the court asked Mr. Garcia, "Is there anything you want to tell me, sir?"  (Id., Ex. 3 at 10.)  Mr. Garcia responded, "No." (Id.)

Because Mr. Garcia had the opportunity to object to the corrected sentence and supervised release duration at his sentencing and did not object, combined with Mr. Garcia's knowledge and acceptance of the possibility of a forty-year to life maximum sentence at his plea hearing, the court finds that Mr. Garcia's rights were not substantially affected by the court's error in stating a five-year supervised release maximum at his plea hearing.

For the reasons stated above, Petitioner's motion is DENIED.

DATED this 28th day of January, 2008.


BY THE COURT:

TENA CAMPBELL
Chief Judge